IN THE UNITED STATES
DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN

Dana Lambeth-Greer, General Guardian to
Minor Child Doe,

              Plaintiff,

                                                      Case No.

v.                                                      Hon.

Current Farmington Public Schools Superintendent,
Robert Herrera (Individual Capacity and
Former Farmington Public Schools Superintendent),
Farmington Public Schools,                **JURY TRIAL DEMAND**
Emilie Lok Jordan (Professional and
Individual Capacity),

              Defendants.
_____/

Dionne E. Webster-Cox (P70422)
WEBSTER LAW OFFICE, PLLC
Attorney for Plaintiff
24100 Southfield Road – Ste. 203
Southfield, MI   48075
734-215-2444/ 734-943-6069 fax
DEWC@WebsterLawOfficePLLC.com                /


There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in this complaint.


**COMPLAINT AND JURY TRIAL DEMAND**

      Plaintiff, Dana Lambeth-Greer, General Guardian to Minor Child Doe, by and through her attorney Webster Law Office, PLLC states as follows for her Complaint against Defendants Current Farmington Public Schools Superintendent,

Page **1** of **14**

Robert Herrera (Individual Capacity and Former Farmington Public Schools Superintendent), Farmington Public Schools, and Emile Lok Jordan (Professional and Individual Capacity), state as follows:

## INTRODUCTION

This is a civil action arising from the excessive force and assault and battery of Minor Child Doe on October 16, 2019 at Kenbrook Elementary School.  The Defendants are sued for violations of Minor Child Doe's constitutional rights under the United States Constitution and the common law.

## JURISDICITON AND VENUE

1. That this action arises under 42 USC §1983. Jurisdiction is conferred by 28 USC §1331, 1343(a)(3), (4) and supplemental jurisdiction to hear the common law claims under 28 USC §1367.

2. Venue is proper under 28 USC §1391 because the acts giving rise to this lawsuit occurred in the City of Farmington Hills.

3. Plaintiff Dana Lambeth-Greer is the mother of Minor Child Doe.

4. Plaintiffs Dana Lambeth-Greer and Minor Child Doe are residents of Oakland County, Michigan.

5. Defendant Emile Lok Jordan was at all material times a teacher employed by Farmington Hills Public Schools.

6. Defendant Farmington Public Schools is a Michigan school district operating in Oakland County, Michigan.

7. Kenbrook Elementary is a school within the Farmington Public Schools school district and is an *educational institution,* as that term is defined in MCL 37.1401, and is located in Oakland County, Michigan.

8. Defendant Robert Herrera was the former school superintendent during the 2018-2019 school, who allegedly led the investigation of the assault and battery of the minor child.

9. Administrative complaint and/or demand was served on Robert Herrera, Emilie Jordan and the Farmington Public Schools Board of Education.

10. This controversy is within the jurisdiction of this court because Plaintiff claims damages in excess of $75,000 and requests injunctive relief.

## BACKGROUND FACTS

11. Minor Child Doe is an African American child.

12. In 2017 the Director of Special Education, a member of Data and Assessment and the School Psychologist for the Farmington Public Schools authored a memorandum titled "Disproportionate Suspensions of African-American Students within Special Education". (Exhibit 1)

13. The memorandum explains that the Farmington Public Schools were cited for disproportionate suspensions of African American students receiving Special Education Services for 7 of the previous 10 years. *Id*.

14. The memorandum explained that 34% of the students in Special Education were African American. *Id*.

15. That of the 34% of the African American Special Education students, the Farmington Hills Public Schools suspends 43% of the African American Special Education students. *Id*.

16. Realizing this number was disproportionate to the Caucasian similarly situated Special Education students. A plan was instituted to proactively teach position behaviors and engage in preventative discipline practices. *Id*.

17. Upon information and belief Defendant Emile Jordan received the 2017 memorandum to engage in preventative discipline practices.

18. On December 17, 2019, the Data and Assessment and Special Education Director authored another memorandum as an update to the disproportionality. (Exhibit 2)

19. The discipline data continued to indicate that African American students in Farmington Public Schools are suspended more often than their peers. Id.

20.     The December 17, 2019 memorandum cites insubordination, persistent misbehavior and physical aggression as categories that impact African American student suspensions in the Farmington Public Schools systems. Id.

21.     On October 16, 2019, Minor Child Doe was a Special Education student in the 4th grade at Kenbrook Elementary School with the Farmington Public Schools educational system.

22.     Defendant Emile Jordan, a special education teacher was Minor Child Doe's teacher on October 16, 2019.

23.     Defendant Emile Jordan admits to grabbing Minor Child Doe for noncompliance.

24.     Defendant Emile Jordan explains to Minor Child Doe that the marks could not have come from her, but the carpet and desk. (Exhibit 3)

25.     Defendant Emile Jordan thought Minor Child Doe was going to throw a card on the floor, so she grabbed his arm.  Then she walked him to his desk.  She continued to dig her fingernails into Minor Child Doe's arm. She refused to let go of the minor-child.

26.     Defendant Jordan's left Minor Child Doe with raised and peeling skin on his arm.

27. Defendant Jordan attempted to cover-up her actions by washing Minor Child Doe's arm with soap and warm water.

28. Defendant Jordan then changed her story stating she did not know how Minor Child Doe was injured. She reported that he could have bumped his arm on the table as her fingernails were digging into his delicate skin.

29. Defendant Jordan attempted to justify her abuse by stating Minor Child Doe's behavior was escalating in the weeks prior to her attack. However, Defendant Jordan never contacted Minor Child Doe's mother regarding this escalating behavior.

30. Minor Child Doe suffers from a cognitive impairment and Down Syndrome.

31. Prior to the October 16, 2019, there were no reports of any aggressive behavior from Minor Child Doe.

32. Prior to the Defendant Jordan's attack, Minor Child Doe's social plan was to work on his continual thumb in mouth, maintain arm length distance from his peers, and focus on himself.

33. After the October 16, 2019, Minor Child Doe has been suspended twice from school, he is fearful of adults, his speech has deteriorated, he sleeps with the lights on, and he suffers from post-traumatic stress disorder (PTSD).

34. On March 6, 2020 Robert Herrera admitted in an email to Dana Lambeth-Greer that the policy for initially reporting to the attack was flawed. (Exhibit 4)

35. Defendant Herrera also admitted in that same email that the manner in which the District communicated the investigation findings was flawed. Id.

36. Defendant Herrera admitted that the current policy involved in fact finding and resolving personnel issues was flawed. Id.

37. Defendant Herrera admitted that the current legal counsel failed in their duties and needed to be changed. Id.

38. Defendant Herrera admitted there was a flaw in the protocols for fact finding and decision making. Id.

39. The current Farmington Public Schools Superintendent has the power and influence to make changes in school policy.

40. Defendant Emilie Jordan's actions contributed to the increase in suspension of African American Special Education students.

## COUNT I – FOURTH AMENDMENT – UNREASONABLE SEIZURE – EXCESSIVE FORCE
### (Emile Lok Jordan)

Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

41.  Defendant Jordan used unreasonable and excessive force when she rapturous clawed Minor Child Doe's arm as she escorted him to his desk.

42.  The acts of Defendant Jordan violated the Minor Child Doe's right to be free from an unreasonable seizure in violation of the Fourth Amendment, enforceable through 42 USC §1983.

43.  Defendant Jordan is not entitled to immunity, because her actions were conducted under the color of law and caused plaintiff to be deprived of a federally protected right.

WHEREFORE, the Plaintiff, seeks judgment against Defendant Emilie Jordan in the amount of One Million ($1,000,000.00) Dollars compensatory and punitive damages, plus attorney fees, interest and costs.

## COUNT II
## MUNICIPAL LIABILITY UNDER 42 USC §1983

Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

44.  The Farmington Public Schools at all relevant times has maintained a policy, custom, or practice that has been the cause, the moving force, behind the violation of African American students' rights.  Specifically, this policy, custom, or practice involves:

    a. How incidents are initially reported to the parents of African American students;

    b. The manner in which the District communicated to the parents of African American students' investigation findings and actions;

    c. Restructuring who is involved in fact finding and resolving personnel issues.

45. The above-described policy, custom, or practice was the direct, proximate cause of Defendant Emilie Jordan violating Minor Child Doe's Fourth and Fourteenth Amendment rights, enforceable through 42 USC §1983.

    WHEREFORE, the Plaintiff, seeks judgment against the Farmington Public Schools in the amount of One Million ($1,000,000.00) Dollars compensatory and punitive damages, plus attorney fees, interest and costs; and injunctive relief from the current Farmington Public Schools Superintendent that institutes a policy where an investigation of a teacher will hold the teacher accountable.

## COUNT III-
## PERSONS WITH DISABILITIES CIVIL RIGHTS ACT (PDCRA)

    Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

46. Minor Child Doe is a person with a *disability* as that term is defined in the Persons with Disabilities Civil Rights Act because he has a determinable mental

characteristic – Cognitive Impairment that substantially limits one or more of his life activities and is unrelated to his ability to use and benefit from educational activities, programs, and facilities at an educational institution.

47.     Defendant Farmington Public Schools meets the definition of an entity covered by the PDCRA.

48.     Minor Child Doe is qualified to use the educational services from Defendant Farmington Public Schools.

49.     Defendant Emilie Lok Jordan, a special education teacher for Defendant Farmington Public Schools treated Minor Child Doe adversely due to Minor Child Doe's race and disability.

50.     Pursuant to MCL 37.1402 provides that Minor Child Doe be free from an assault and battery by his Special Education teacher because of his disability.

51.     As a direct and proximate result of Defendant Farmington Public Schools and Defendant Emile Lok Jordan's unlawful discrimination, Minor Child Doe has been damaged in an amount exceeding $1,000,000.00.

52.     Minor Child Doe will be irreparably harmed if he is not granted injunctive relief along with monetary damages.

    WHEREFORE, PLAINTIFF REQUESTS that this court grant the following relief:

    a. Issue a preliminary injunction requiring Defendant Farmington Public Schools and Current Farmington Public Schools' Superintendent forbidding corporal punishment.

    b. Grant Plaintiff damages in the amount of $1,000,000.00 plus costs and attorney fees and interest as permitted under the Person with Disabilities Civil Rights Act.

## COUNT IV-
## DISCRIMINATION IN EDUCATION
## ELLITOT LARSEN CIVIL RIGHTS ACTS (ELCRA)

Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

53. Defendant Farmington Public Schools is an educational institution as defined in Michigan's Elliot-Larsen Civil Rights Act (the ELCRA), MCL 37.2301 and MCL 37.2401.

54. Defendant Teacher Emilie Lok Jordan is a person as that term is defined in the ELCRA and is an agent of Defendant Farmington Public Schools District.

55. Defendants violated the ELCRA and deprived Minor Child Doe of his civil rights by, subjecting Minor Child Doe, because of his race, to conduct that had the purpose of denying Minor Child Doe the full benefit of the educational program of Farmington Public Schools and full and equal access to the educational opportunity.

56. As a direct and proximate result of Defendant's violation of the ELCRA, Minor Child Doe suffered damages as alleged in this complaint.

WHEREFORE, PLAINTIFFS REQUEST that this court enter a judgment against Defendants in the amount of $1,000,000.00:

    a. for the economic damages incurred with having to obtain evaluations;

    b. emotional distress damages;

    c. costs, interest, and attorney fees as provided by law; and

    d. any other equitable and/or injunctive relief that the court deems to be appropriate.

## COUNT V -
## GROSS NEGLIGENCE

Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

57. The Governmental Tort Liability Act (GTLA) does not extend immunity to government employees when the conduct is grossly negligent and the proximate cause of the plaintiff's injuries.

58. Gross negligence is conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results.

59. Defendant Emilie Lok Jordan wrapped her hand around Minor Child Doe's arm all while digging her fingernails into Minor Child Doe's skin.

60. Defendant Emilie Lok Jordan's conduct was the proximate cause of Minor Child Doe's injuries.

WHEREFORE, the Plaintiff, seeks judgment against the Emilie Lok Jordan in the amount of One Million ($1,000,000.00) Dollars compensatory and punitive damages, plus attorney fees, interest and costs.

### COUNT VI -
### ASSAULT AND BATTERY

Plaintiff hereby incorporates the previous paragraphs with the same force and effect as if fully set forth herein.

61. Assault is defined as any intentional, unlawful threat or offer to do bodily injury to another by force, under circumstances that create a well-founded fear of imminent peril, coupled with the apparent present ability to carry out the act if not prevented.

62. Battery is the willful or intentional touching of a person against that person's will by another person or by an object or substance put in motion by another person.

63. Defendant Emile Lok Jordan dragged the minor child Doe to his desk all the while grabbing his arm tighter and tighter, then she embedded her fingernails into the minor child's skin.

WHEREFORE, the Plaintiff, seeks judgment against the Emilie Lok Jordan in the amount of One Million ($1,000,000.00) Dollars compensatory and punitive damages, plus attorney fees, interest and costs.

                                        Respectfully submitted,

                                        WEBSTER LAW OFFICE, PLLC

Dated: April 2, 2021                    /s/ *Dionne E. Webster-Cox*.
                                        Dionne E. Webster-Cox (P70422)
                                        Attorney for Plaintiff