UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DANA LAMBETH-GREER<br>GENERAL GUARDIAN TO<br>MINOR CHILD DOE,<br>      Plaintiff,<br>v.<br><br>FARMINGTON PUBLIC<br>SCHOOLS, *et al.*,<br>      Defendants.<br>_____/ | Case No.: 21-10752<br><br>Paul D. Borman<br>United States District Judge<br><br>Curtis Ivy, Jr.<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR CONTEMPT OF NON-PARTY**
**ELM STREET CLINIC (ECF No. 18) AND MOTION FOR DEFAULT**
**JUDGMENT (ECF No. 31)**

**I. BACKGROUND**

A. <u>Procedural History</u>

Plaintiff Dana Lambeth-Greer, General Guardian to Minor Child Doe, filed this civil rights matter on April 2, 2021, against Defendants Farmington Public Schools, Robert Herra, and Emilie Lok Jordan. (ECF No.1). Plaintiff alleges violations of the Fourth Amendment to the United States Constitution, the Persons with Disabilities Civil Rights Act ("PDCRA"), Michigan's Elliot-Larsen Civil Rights Act ("ELCRA"), and gross negligence and assault and battery under Michigan tort law. (*Id.*). This matter is presently before the Court on Plaintiff's

Motion for Contempt and Sanctions against a non-party, Elm Street Clinic. (ECF No. 18).

On December 20, 2021, Defendants sent a records request to Elm Street Clinic regarding Plaintiff because Plaintiff had indicated that Elm Street Clinic may have discoverable information relevant to the facts at issue. (ECF No. 12, PageID.108). This Court issued a subpoena issued to Elm Street Clinic on March 28, 2022, with a response deadline of April 18, 2022. (ECF No.12-2, PageID.125). This subpoena was served on Elm Street Clinic. (ECF No. 12-3, PageID.127).[1]

On April 25, 2022, Defendants moved for an Order to Show Cause after Elm Street Clinic failed to comply with the subpoena. (ECF No. 12, PageID.108). The Motion for Order to Show Cause was served on Elm Street Clinic via certified mail and personally served on Elm Street Clinic. (ECF No. 16, PageID.134). As stated on the record at the May 26, 2022, Status Conference, at which only Defendants were present, Elm Street Clinic contacted the Court to state that they have no records. Yet Elm Street Clinic has not contacted the parties. (Status Conference May 26, 2022, 10 a.m.). At this Status Conference, the Court set a second Status Conference for June 7, 2022, because Elm Street Clinic had been served with notice of the Status Conference only two days before the May 26, 2022, Status

---

[1] The attached certification of service does not appear to reflect that Elm Street Clinic was successfully served. That said, Elm Street Clinic was later served related to this discovery dispute and has not contested service of the original subpoena.

Conference and Plaintiff's Counsel had gone to the wrong courthouse. (*Id.*). At the June 7, 2022, Status Conference, Plaintiff and Defendants were present, but Elm Street Clinic did not participate despite having notice. (Status Conference, June 7, 2022, 11 a.m.).

The Court granted the Order on June 9, 2022, requiring Elm Street Clinic to show cause in writing why it failed to answer the subpoena and compelling response on or before June 23, 2022. (ECF No. 12, ECF No. 17). The Court warned that failure to timely or adequately respond to the Order could result in an order holding Elm Street Clinic in contempt. (ECF. No. 17, PageID.142). Elm Street Clinic did not respond to the Order to Show Cause for failing to comply with the subpoena. (ECF No.18, PageID.145).

On July 11, 2022, Plaintiff moved for an order holding Elm Street Clinic in contempt of court and for sanctions for failure to respond; Defendants concurred with the motion for contempt and sanctions. (ECF No. No. 18). Process servers attempted unsuccessfully to personally serve the motion on Elm Street Clinic on July 18, 19, 20, and 21 of 2022, at both known or suspected addresses of the Elm Street Clinic. (ECF No.21, PageID.180). Plaintiff filed a certificate of service confirming service by mail of the motion for contempt on Elm Street Clinic. (ECF No. 21, PageID.181-83). This Court issued an Order to Show Cause for the Clinic's failure to respond to Plaintiff's motion for contempt; this order was

personally served as well as served via mail on Elm Street Clinic on October 2, 2022, and September 27, 2022, respectively. (ECF No. 23, PageID.188, ECF No.23-1, PageID.189, ECF No.30, PageID.231-32). The Court warned that failure to timely or adequately respond to the Order could lead to granting Defendants' motion for contempt and sanctions. (ECF No. 22, PageID.185).

On November 6, 2022, Plaintiff moved for default judgment on the motion for contempt of court and for sanctions against Elm Street Clinic for failure to comply with subpoena and subsequent Order to Show Cause. (ECF No.31, PageID.237). Plaintiff filed what purports to be a certificate of service confirming service by mail of the motion as well as personal service, but the filing is just the motion. (ECF No. 33). Plaintiff seeks $250,000 for damages and costs. (ECF No.31, PageID.237).

To date, Elm Street Clinic has not responded to either Order to Show Cause or the motion for contempt. For this reason, the undersigned **RECOMMENDS** that Elm Street Clinic be ordered to appear before the District Judge to show cause why it should not be held in contempt. In light of the recommendation that the Elm Street Clinic be held in contempt, the undersigned **RECOMMENDS** that Plaintiff's motion for default judgment on the motion for contempt of court and sanctions be denied as moot without prejudice.

II.   **ANALYSIS**

4

A. <u>Contempt Authority of the Magistrate Judge and Certified Facts</u>

Except where a United States Magistrate Judge exercises consent jurisdiction in a civil case under 28 U.S.C. § 636(c) or misdemeanor jurisdiction under 18 U.S.C. § 3401, the Magistrate Judge may not enter an order of civil contempt. Instead, the Magistrate judge must proceed under 28 U.S.C. § 636(e)(6)(B), which provides:

> [T]he magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

Thus, as contemplated by 28 U.S.C. § 636(e)(6)(B), the undersigned certifies these facts to District Judge Paul D. Borman:

1. On March 28, 2022, Defendants issued a duly noticed subpoena to testify at a deposition pursuant to Fed. R. Civ. P. 45, setting a record response date of April 18, 2022. (ECF No. 12-2, PageID.125).

2. The subpoena was successfully personally served on Elm Street Clinic. (*Id.* at PageID.127).

3.  Elm Street Clinic did not comply with the subpoena. (*Id.* at PageID.108).

4.  On April 25, 2022, Defendants submitted a motion for an Order to Show Cause after Elm Street failed to comply with the subpoena. (*Id.*).

5.  The motion to Show Cause was served via certified mail and personally served on Elm Street Clinic. (ECF No. 16, PageID.134).

6.  The Court granted the Order to Show Cause on June 9, 2022, requiring Elm Street Clinic to show cause in writing why it failed to answer the subpoena and compelling response on or before June 23, 2022. (ECF No. 12, ECF No. 17). The Court warned that failure to timely or adequately respond to the Order could resulted in an order holding Elm Street Clinic in contempt. (ECF. No. 17, PageID.142).

7.  Elm Street Clinic did not respond to the show cause order for the subpoena. (ECF No.18, PageID.145).

8.  On July 11, 2022, Plaintiff moved for an order holding Elm Street Clinic in contempt of court and for sanctions for failure to respond. (ECF No. 18). Defendants concurred with the motion. (*Id.*)

9.  Process servers attempted unsuccessfully to personally serve Elm Street Clinic with the motion for contempt on July 18, 19, 20, and 21 of 2022, at both known or suspected addresses of the Elm Street Clinic. (ECF No.21,

PageID.180). Plaintiff filed a certificate of service confirming service by mail of the motion for contempt on Elm Street Clinic. (ECF No. 21, PageID.181-83).

10. Elm Street Clinic did not respond to the motion for contempt. Thus, this Court issued an order to show cause why the Court should not recommend that Plaintiff's motion be granted (ECF No. 22); this order was personally served as well as served via mail on Elm Street Clinic on October 2, 2022, and September 27, 2022, respectively. (ECF No. 23, PageID.188, ECF No.23-1, PageID.189, ECF No.30, PageID.231-32). The Court warned that failure to timely or adequately respond to the Order could lead to granting Defendants' motion for contempt and sanctions. (ECF No. 22, PageID.185).

11. On November 6, 2022, Plaintiff moved for default judgment for the motion for contempt of court and for sanctions against Elm Street Clinic for failure to comply with subpoena and subsequent Order to Show Cause. (ECF No.31, PageID.237). Plaintiff seeks $250,000 for damages and costs. (*Id.*). Plaintiff filed what purports to be a certificate of service confirming service by mail of the motion as well as personal service, but the filing is the Plaintiff's motion and not a certificate of service. (ECF No. 33). This does not impact the Court's Order as the recommendation is based on the motion for contempt, not the motion for default judgment.

To date, Elm Street Clinic has not responded to either of the Court's Orders to Show Cause.

B.  Discussion

Federal Rule of Civil Procedure 45 governs the issuance of subpoenas for the discovery of information from third parties. *See Faison v. State Farm Fire & Cas. Co.*, 2015 WL 4274882, at *2 (E.D. Mich. June 18, 2015), *report and recommendation adopted*, 2015 WL 4274887 (E.D. Mich. July 14, 2015). Rule 45(g) provides "[t]he court for the district where compliance [with a subpoena] is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Whether to hold a party in contempt is within the sound discretion of the district court, but it is one that "should not be used lightly." *Elec. Workers Pension Trust Fund of Loc. Union 58, IBEW v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003). A party seeking to establish contempt must produce "clear and convincing evidence" showing that the party opposing contempt violated a "'definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.'" *Id*. at 378 (quoting *NLRB v. Cincinnati Bronze Inc*., 829 F.2d 585, 588 (6th Cir. 1987)). Once the moving party establishes its prima facie case, "the burden shifts to the contemnor who may defend by coming forward with evidence showing that he is

8

presently unable to comply with the court's order." *Gary's Elec. Serv. Co.*, 340 F.3d at 378 (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)). When evaluating an alleged contemnor's failure to comply with a court order, the court "also consider[s] whether the [individual] 'took all reasonable steps within [his or her] power to comply with the court's order.'" *Id.* (quoting *Peppers v. Barry*, 873 F.2d 967, 968-69 (6th Cir. 1989)).

The certified facts outlined above support a finding of civil contempt, as they do not evidence reasonable steps to comply with the subpoena or the Court's Orders. The record reflects that Defendants and Plaintiff duly noticed and personally served a subpoena for Elm Street Clinic's records. As stated at the May 26, 2022, Status Conference, Elm Street Clinic contacted the court to indicate that they did not have the records but have not contacted the parties. (May 26, 2022, Status Conference, 10 a.m.). Elm Street Clinic failed to produce records or to communicate with counsel. Elm Street Clinic also failed to participate in the Court's status conference or to respond to the Court's show cause Order. For this reason, the undersigned recommends that Elm Street Clinic be ordered to appear before the District Judge to show cause why it should not be held in contempt.

In light of the recommendation that the Court grant the motion for contempt, it is recommended that the Court deny as moot without prejudice the motion for default judgment on the motion for contempt of court and for sanctions against

9

Elm Street Clinic for failure to comply with subpoena and subsequent Order to Show Cause.

## III. RECOMMENDATION

For the reasons set forth above, it is **RECOMMENDED** that the Court **GRANT** Plaintiff's motion for contempt as follows:

(1) Non-party Elm Street Clinic should be ordered to appear before District Judge Paul D. Borman on a date certain to show cause why it should not be held in civil contempt for failing to comply with Defendants' subpoena;

(2) Unless Elm Street Clinic satisfactorily shows cause as to why it has not fully complied with Defendants' subpoena, it should be held in civil contempt of court by the District Judge; and

(3) Elm Street Clinic should be ordered to purge itself of the contempt by fully complying with the subpoena.

**Plaintiff is directed to serve this Report and Recommendation on Elm Street Clinic by personal service and U.S. Mail first class.** Plaintiff shall file a certificate of service with the Court signifying completion of service by these means.

The parties here may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Hum. Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Tchrs. Loc. 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 18, 2022            s/Curtis Ivy, Jr.
                                   Curtis Ivy, Jr.
                                   United States Magistrate Judge